IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CR3043 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | CORRECTING THE MEMORANDUM |
| JOHN EDWARD MULL, | ) | DENYING DEFENDANT'S MOTION TO |
| | ) | VACATE, SET ASIDE, OR CORRECT |
| Defendants. | ) | SENTENCE |
| | ) | |
| | ) | |

      In a memorandum and order filed on April 11, 2005, I denied the § 2255 motion filed by the defendant, John Edward Mull. (See filing 576.) In Part III.F of that memorandum, which begins on page 25, I analyzed Mull's argument that his counsel provided ineffective assistance due to his failure to present a specific argument that Mull's sentence was unlawful. This specific argument was based mainly upon the premise that the Supreme Court's decision in United States v. R.L.C., 503 U.S. 291 (1992), taken in conjunction with Apprendi v. New Jersey, 530 U.S. 466 (2000), compels a finding that Mull's sentence ought to have been limited to the maximum that could be imposed under the United States Sentencing Guidelines, as opposed to the "statutory maximum" under 21 U.S.C. § 841(b)(1)(C). (See filing 574 at 3-7.) I summarized the argument as follows:

>       In United States v. R.L.C., 503 U.S. 291, 294 (1992), the Court considered a provision of the Juvenile Delinquency Act that limited the length of official detention in certain circumstances to "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." (Quoting 18 U.S.C. § 5037(c)(1)(B)). The Court held "that this limitation refers to the maximum sentence that could be imposed if the juvenile were being sentenced after application of the United States Sentencing Guidelines." Id. The defendant argues that this holding "compels" the conclusion that, under Apprendi, his maximum sentence is not defined by 21 U.S.C. § 841(b)(1)(C), but is instead defined by the Sentencing Guidelines. In other words, he argues that under R.L.C., "the sentencing range applicable under the guidelines . . . controls over the statutory provisions [(i.e., § 841(b)(1)(C))]." (Filing 574 at 4 (emphasis omitted).)

1

(Filing 576 at 25-26 (footnote omitted).)  In rejecting the defendant's argument, I wrote:

> I disagree.  In fact, the Eighth Circuit has considered and rejected the very point upon which the defendant relies, stating, "R.L.C. does not support the proposition that a maximum sentence in federal criminal cases is that prescribed by the federal sentencing guidelines, and no court has so held."  United States v. Shimoda, 334 F.3d 846, 849 (8th Cir. 2003).  As I noted above, Mull was sentenced within the range authorized by 21 U.S.C. § 841(b)(1)(C).  (See supra Part III.A (citing United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000); United States v. Mull, 40 Fed.Appx. 300, 303-304 (8th Cir. 2002) (per curium)).)  I am not persuaded that this sentence was unlawful.
>
> Since the defendant's sentence was not unlawful under the rule announced in R.L.C., the defendant cannot demonstrate that he was prejudiced by his counsel's failure to raise this argument.  See Strickland v. Washington, 466 U.S. 668, 692 (1984) (holding that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance").  I therefore reject the defendant's claim that his counsel provided ineffective assistance.

(Filing 576 at 26.)  Erroneously, I referred to Shimoda as a decision of the Eighth Circuit Court of Appeals, and cited it as such, though it is actually a decision of the Ninth Circuit.  See United States v. Shimoda, 334 F.3d 846, 849 (9th Cir. 2003).  The defendant has detected this error and brought it to my attention via his Motion for Certificate of Appealability, (filing 581), and its supporting brief, (see filing 582 at 2).

Federal Rule of Civil Procedure 60(a) provides,

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative . . . .  During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Corrections of citation errors are "in the nature of a clerical correction permitted under [Rule 60(a)]," Brenner v. Commodity Futures Trading Comm'n, 338 F.3d 713, 721 (7th Cir. 2003), and the amendment of opinions to correct such errors is not unprecedented, see Vaughter v. Eastern Airlines, Inc., 817 F.2d 685, 689-91 (11th Cir. 1987) (finding that district court's amendment of order correcting Rule 23(b) class certification was proper under Rule 60(a)); Terrazas v. Muskie,

494 F. Supp. 1017, 1019 n.1 (N.D. Ill. 1980) ("Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the Court hereby amends its Memorandum Opinion so that the references to '8 U.S.C. s 1841(a)(2)' be amended to read '8 U.S.C. s 1481(a)(2).'"); cf. Anderson v. Independent School District, 357 F.3d 806, 808 n.2 (8th Cir. 2004) (indicating that previous opinion was amended to correct citation errors). However, "Rule 60(a) 'permits only a correction for the purpose of reflecting accurately a decision that the court actually made.'" Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (quoting Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (per curium)). In other words, it is appropriate for me to correct my erroneous reference and citation to Shimoda pursuant to Rule 60(a) if I considered that case to be nonbinding precedent despite attributing it to the Eighth Circuit; however, it would not be appropriate for me to make the correction if I mistakenly believed Shimoda to be controlling when I resolved the defendant's argument. In the latter case, correcting the citation error would do more than simply eliminate a clerical mistake, but would represent a substantive change of mind based upon the recognition that my legal analysis was mistaken.

  When analyzing the defendant's argument, I meant to attribute Shimoda to the Ninth Circuit Court of Appeals and to cite it accordingly. The fact that I did not have in mind that Shimoda was a controlling precedent is plainly established by the context in which my error is found. I did not state that the defendant's argument based on R.L.C. was foreclosed by Shimoda; instead, I stated that I "disagree[d]" with his analysis of the reach of R.L.C., and that I was "not persuaded" that his sentence was unlawful "under the rule announced in R.L.C." in light of Shimoda and Eighth Circuit cases holding that the appropriate sentencing range was that established by 21 U.S.C. § 841(b)(1)(C). (See filing 576 at 26.) Thus, the correction of my erroneous references to Shimoda would accurately reflect the decision that I actually made. See Kocher, 132 F.3d at 1229.

  **IT IS ORDERED** that pursuant to Federal Rule of Civil Procedure 60(a), the "Memorandum and Order on Defendant's Motion to Vacate, Set Aside, or Correct Sentence," (filing 576), page 26, is amended to read, "In fact, the Ninth Circuit has considered and rejected the very point upon which the defendant relies, stating, 'R.L.C. does not support the proposition that a maximum sentence in federal criminal cases is that prescribed by the federal sentencing

guidelines, and no court has so held.' <u>United States v. Shimoda</u>, 334 F.3d 846, 849 (9th Cir. 2003)."

    Dated August 1, 2005.

                      BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge