IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CR3043 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR A |
| JOHN EDWARD MULL, | ) | CERTIFICATE OF APPEALABILITY AND |
| | ) | MOTION TO PROCEED IN FORMA |
| Defendants. | ) | PAUPERIS |
| | ) | |

The defendant, John Edward Mull, has filed a motion for a certificate of appealability, (see filing 581), which is accompanied by a supporting brief, (see filing 582). According to the defendant's motion, he seeks to certify three issues for appeal. These are:

a) Whether the defendant's sentence violates the principles announced in United States v. R.L.C., 503 U.S. 291 (1992) and Apprendi v. New Jersey, 530 U.S. 466 (2000), in that his sentence of 240 months - the maximum sentence imposed under the statute - was unlawful, as there was neither a drug quantity nor penal provision set forth in the Indictment, and under the applicable Sentencing Guidelines, the Defendant's sentence should have been limited to a sentence with a Base Offense Level of 12.  See also, United States v. Valasco-Heredia, 319 F.3d 1080 (9th Cir. 2003) and United States v. Guevara, 277 F.3d 111 (2d Cir. 2001)[;]

b) Whether in rejecting Mull's argument that his sentence was unlawful, the trial court's [sic] erroneously relied upon United States v. Shimoda, 334 F.3d 846 (9th Cir. 2003), cited to be a controlling decision of the 8th Circuit Court of Appeals, but which in fact was decided by the 9th Circuit Court of [A]ppeals, and was limited to the issue of whether the Defendant had waived his right to appeal his sentence, and was otherwise distinguishable on its facts[; and]

c) Whether the evidence was sufficient to support the District Court's conclusion that the Defendant was not denied his right to effective assistance of counsel, in connection with his failure to testify at the trial.

1

(Filing 581, ¶ 3.)[1]

      Before a certificate of appealability may issue, the defendant must make a substantial showing of the denial of a constitutional right.  See Garrett v. United States, 211 F.3d 1075, 1076 (8th Cir. 2000); 28 U.S.C. § 2253(c)(2).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Garrett, 211 F.3d at 1077 (quoting Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)).

      I find that the defendant has made a substantial showing of the denial of a constitutional right with respect to issues a) and b).  Specifically, it seems to me that issue a) deserves further proceedings, particularly in view of the novelty of the defendant's argument.  Also, although I note that the citation error raised in issue b) has been corrected, (see Memorandum and Order Correcting the Memorandum Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence), reasonable jurists might debate the impact of that error on my analysis of the defendant's argument that his sentence was unlawful.  Therefore, in my judgment these issues ought to be reviewed by the Eighth Circuit Court of Appeals.

      Although the defendant's statement of issue c) is relatively broad, (see filing 581, ¶ 3(c)), the argument set forth in his brief indicates that the issue he truly seeks to appeal is a relatively narrow one, (see filing 582 at 2-3).  Specifically, he argues,

> The evidence supported the Defendant's claim that he was not reasonably or adequately advised as to the fact that he had a right to testify at trial and it was his decision to make.  This Court did not reject the factual underpinning of this claim.  Rather this Court concluded from the evidence that counsel did not "categorically refuse" to put the defendant on the witness stand nor did he "seize" the decision from the Defendant.  However, this Court did not specifically find that the [sic] Mull was advised or understood that the final decision was his.  This finding is critical to the error claimed in this proceeding.  Absent a finding that

---

[1]In the brief filed in support of his motion, the defendant collapses these three issues into two.  (See filing 582 at 1 ("The Defendant submits that two of the issues raised in his section 2255 motion raise non-frivolous issues, which could reasonably form the basis of a successful appeal.").)  This collapsing is sensible, as issues a) and b) are closely related to one another.  (See id. at 1-2.)  However, for the sake of clarity and consistency, I shall adhere to the three-issue structure set forth in the defendant's motion.

>   counsel told Mull the final decision was his, or that Mull understood he could
>   reject his counsel's advi[c]e, Mull was not afforded effective assistance of counsel
>   on his critical decision as to whether he would testify in this case.

(Filing 582 at 2-3.)

I am persuaded that a reasonable jurist might agree with the defendant's argument that he was not "reasonably or adequately advised" by counsel; however, in order to establish that he was not afforded effective assistance of counsel, the defendant must do more than show that counsel performed deficiently.  As I explained in the memorandum denying the defendant's motion to vacate, set aside, or correct his sentence, the defendant's "ineffective assistance" claim also depends upon a showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  (See filing 576 at 19 (citing Foster v. Delo, 39 F.3d 873, 877 (8th Cir. 1994) (en banc); Frey v. Schuetzle, 151 F.3d 893, 899 (8th Cir. 1998)).)   I determined that the defendant failed to make this showing, (see id. at 19-20), and the defendant has not argued that this determination is debatable, capable of being resolved differently, or deserves further proceedings, see Garrett v. United States, 211 F.3d 1075, 1077 (8th Cir. 2000).

Since a defendant's ability to show that his constitutional right to the effective assistance of counsel has been violated depends upon showings that counsel performed deficiently and that counsel's deficient performance prejudiced the defense, see Strickland v. Washington, 466 U.S. 668, 692 (1984), Mull's decision not to seek to certify for appeal the issue of whether he was prejudiced by counsel's allegedly deficient performance is fatal insofar as the appeal of issue c) is concerned.  In other words, even if the defendant were to successfully appeal my finding that counsel's advice did not fall below the "range of reasonable professional assistance," (filing 576 at 19 (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984))), Mull will still have failed to establish that counsel provided ineffective assistance in light of my finding that there is no "reasonable probability that, but for counsel's alleged deficiencies, the result of the proceeding would have been different," (id.).  Thus, I find that the defendant has failed to make a substantial showing of the denial of a constitutional right insofar as issue c) is concerned.

   IT IS ORDERED that:

1.  a certificate of appealability shall issue on the claims set forth in paragraphs 3 a) and b) of the defendant's motion, (filing 581), as the defendant has raised a substantial showing of the denial of a constitutional right with respect to those issues; however, no certificate of appealability is issued with respect to the claim raised in paragraph 3 c) of the defendant's motion, as the defendant has failed to make a substantial showing of the denial of a constitutional right with respect to that issue; and

2.  the defendant's Motion to Proceed in Forma Pauperis, filing 579, is granted.

.

Dated August 1, 2005.

        BY THE COURT


        s/ Warren K. Urbom
        United States Senior District Judge