IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:99CR3043 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S RULE 60(b) MOTION |
| JOHN EDWARD MULL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 27, 2007, the defendant, John Edward Mull, filed a "Request for Relief From the District Court's Judgment Pursuant to Rule 60(b)(6)." (Filing 614.) For the following reasons, I find that the defendant's motion must be dismissed.

Because the defendant has filed a "Rule 60(b)" motion following the denial of his motion challenging his sentence under 28 U.S.C. § 2255, (see filings 530, 552, 576, 583, 584, 597, 598, 614), I must conduct a brief initial inquiry to determine whether the instant motion ought to be deemed a successive § 2255 motion, see Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium).

The Supreme Court has explained that a Rule 60(b) motion is in fact an "application" for habeas relief within the meaning of 28 U.S.C. § 2244(b) if it "contains one or more 'claims.'" Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). A "claim" is defined as an assertion of some "federal basis for relief" from a "judgment of conviction." Id. Thus, a Rule 60(b) "motion that seeks to add a new ground for relief" will qualify as an application for habeas relief, as will a motion attacking "the federal court's previous resolution of a claim on the merits." Id. at 532 (footnote omitted) (emphasis in original). However, a motion that attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," should not be deemed an application for habeas relief. Id. (footnote omitted). The Court added,

1

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id. at 532 n.5 (citation omitted).

In Gonzalez, the Court limited its analysis to § 2254 cases. See id. at 530 n.3. Nevertheless, the provisions of § 2254 and § 2255 concerning second or successive motions are "similar," id., and the Eighth Circuit has signaled that the reasoning set forth in Gonzalez is applicable in § 2255 cases, see United States v. Washington, 211 F. App'x 550 (8th Cir. 2007) (per curium); United States v. Moss, 174 F. App'x 358 (8th Cir. 2006) (per curium); United States v. Williams, 170 F. App'x 989 (8th Cir. 2006) (per curium). See also United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005); United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004) (holding that if a Rule 60(b) motion raises issues that were raised or could have been raised in a previous § 2255 motion, the Rule 60(b) motion is a successive § 2255 motion). Other courts of appeals have reached this same conclusion. See, e.g., In re Nailor, 487 F.3d 1018 (6th Cir. 2007).

In his Rule 60(b) motion, the defendant argues that "the district court failed to resolve factual disputes found within the presentence investigation report . . . before sentence was imposed." (Filing 614 at 1.) This amounts to a collateral attack upon the defendant's sentence that could have been raised in the defendant's previously-filed § 2255 motion. I must therefore treat the defendant's Rule 60(b) motion as a successive § 2255 motion. Because the defendant's motion is a successive § 2255 motion, I cannot consider his argument until he obtains the appropriate authorization from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); 28 U.S.C. § 2255 para. 8. Therefore, I shall dismiss the defendant's motion. See Boyd v. United

2

States, 304 F.3d 813, 814 (8th Cir. 2002) (per curium).

**IT IS ORDERED** that the "Defendant's Request for Relief from the District Court's Judgment Pursuant to Rule 60(b)(6)," filing 614, is dismissed.

Dated November 7, 2007.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge