IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CR3043 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN EDWARD MULL, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | MODIFICATION OF SENTENCE |
| | ) | |

On August 15, 2008, the defendant, John Edward Mull, filed a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3742(a)(1) & (2)." (Filing 635.) For the following reasons, the defendant's motion must be denied.

Sections 3742(a)(1)-(2) provide, "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . (1) was imposed in violation of law; [or] (2) was imposed as a result of an incorrect application of the sentencing guidelines." These sections govern direct appeals, and the defendant's direct appeal concluded when his conviction and sentenced were affirmed by the Eighth Circuit several years ago. See United States v. Mull, 40 F. App'x 300 (8th Cir. 2002). More to the point, the statute does not authorize district courts to modify sentences. See United States v. Auman, 8 F.3d 1268, 1270-71 (8th Cir. 1993) ("Sections 3742(a)(1) and (a)(2) of Title 18 of the United States Code are the basis for appellate review of a district court's sentencing decisions. These sections do not grant jurisdiction to a district court to review a final sentence."); United States v. Savage-El, 81 F. App'x 626, 627 (8th Cir. 2003) ("Section 3742, which governs direct appeals, does not provide Savage-El a means to revisit his sentence now; Savage-El's direct appeal concluded when his conviction and sentence were affirmed.").

In his motion, the defendant argues that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. R.L.C., 503 U.S. 291 (1992); Jones v. United States, 526 U.S. 227 (1999); and Blakely v. Washington, 542 U.S. 296 (2004).

1

(See generally filing 635.)  These are collateral attacks on the defendant's sentence that should be raised in a 28 U.S.C. § 2255 motion, and the defendant, who has filed a § 2255 motion previously, cannot seek relief under § 3742 (or any other statute) in an attempt to avoid the requirement that second or successive § 2255 motions be authorized by the court of appeals.  See 28 U.S.C. § 2255(h); see also United States v. Finley, 241 F. App'x 354 (8th Cir. 2007) (citing United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002)).  In short, I must treat the defendant's motion as a successive § 2255 motion, and I cannot consider his motion until he obtains the requisite authorization from the Eighth Circuit Court of Appeals.

**IT IS ORDERED** that the defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3742(a)(1) & (2)," filing 635, is denied.

Dated September 11, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge