IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 4:99CR3043 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM ON DEFENDANT'S |
| JOHN EDWARD MULL, ) | MOTIONS TO REDUCE SENTENCE |
| ) | PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| Defendant. ) | |
| ) | |

Acting pro se, Defendant John Edward Mull filed on November 19, 2008, a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (See filing 640.) With the assistance of counsel, the defendant filed a new § 3582 motion and supporting brief on June 12, 2009. (See filings 661-662.) My analysis of the defendant's motions follows.

## I. BACKGROUND

An indictment filed on April 23, 1999, charged the defendant with conspiring to distribute and to possess with the intent to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846. (See filing 1.) A jury trial commenced on June 20, 2000, and on June 30, 2000, the jury found the defendant guilty. (See filings 315, 337.)

Four hundred and forty-three grams of cocaine base were attributed to the defendant. (See Revised Presentence Investigation Report, filing 400, ¶ 48.) He was also found to be accountable for one pound of marijuana and 68.28 grams of cocaine powder. (See id.) Based on these quantities, the defendant's base offense level was determined to be 34. (See id.) A two-level enhancement for possession of a dangerous weapon was then applied, which resulted in a total offense level of 36. (See id. ¶¶ 54, 62.) With this total offense level and a Criminal History Category of III, the defendant's guideline imprisonment range was 235-293 months. (Id. ¶ 125.) On November 2, 2000, I sentenced the defendant to a term of imprisonment of 240 months. (See filing 401.)

## II.   ANALYSIS

The defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines, which amended the drug quantity table for crack cocaine.  Section 3582(c)(2) states,

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, "[f]avorable guidelines amendments may be used to reduce an earlier sentence if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'"  Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)).  The "applicable policy statement" appears in USSG § 1B1.10, which in turn authorizes a sentence reduction based on Amendment 706.  In other words, § 3582(c) authorizes me to reduce the defendant's sentence in accordance with the crack cocaine amendments to the drug quantity table–provided that the reduction is consistent with the policy statement set forth in USSG § 1B1.10.

The Eighth Circuit instructs district courts to engage in a two-step process to determine whether, and to what extent, a sentence reduction under § 3582(c) is warranted.  See United States v. Starks, 551 F.3d 839, 841 (8th Cir. 2009) (quoting United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc)); see also United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997).  "First, the 'court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.'"  Starks, 551 F.3d at 841 (quoting Hasan, 245 F.3d at 684-85).  "The court must leave all previous factual determinations

intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" Hasan, 245 F.3d at 685 (quoting Wyatt, 115 F.3d at 609). "Second, the court must 'decide whether to give the defendant the benefit of that particular reduced sentence,' considering 'the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.'" Starks, 551 F.3d at 941 (quoting Hasan, 245 F.3d at 685).

When Amendment 706 is applied to the defendant's case, the defendant's base offense level is reduced to 32, his total offense level is reduced to 34, and the amended guideline range is 188-235 months. (See Retroactive Sentencing Worksheet.) As noted above, the defendant's original guideline range was 235-293 months, and I sentenced the defendant to a term of imprisonment of 240 months. This 240-month term is approximately 2% higher than the low end of the original guideline range (240 - 235 = 5; 5 ÷ 235 = 0.0213). A sentence of 192 months would be approximately 2% higher than the low end of the amended guideline range (188× 1.0213 = 192.0044). I find, therefore, that if the amended guideline range were in effect at the time of the defendant's original sentencing, I would have imposed a sentence of 192 months.

The defendant submits that his sentence should be reduced to a term below the low end of the amended guideline range. (See filing 640 at 2-3; filing 661 at 2; filing 662 at 3-15.) Chiefly, he argues that I may impose a sentence of less than 188 after considering "the factors set forth in section 3553(a)." (See filing 640 at 1-3; filing 662 at 5-10, 12-13.) He also argues that: 1) a crack-to-powder cocaine drug quantity ratio of 1 to 1 ought to be applied in his case, thereby reducing his base offense level to 28; 2) I have the discretion to impose a 120-month sentence because the sentencing guidelines are now "advisory"; 3) I am free to impose any sentence that exceeds the statutory mandatory minimum sentence; 4) the quantity of drugs attributed to him was determined using the "incorrect standard of proof"; 5) it was inappropriate for drugs other than cocaine to be attributed to him; and 6) I am free to impose any term of imprisonment under 18 U.S.C. § 3582(c)(2), even if that term is less than the minimum outlined in a statute. (See filing 662 at 11-15.) It seems to me, however, that Starks and Hasan foreclose all of the defendant's arguments that I may sentence him to a term below the amended guideline range. See Starks, 551 F.3d at 841-43 (holding that a court cannot reduce a defendant's term of

imprisonment under § 3582(c)(2) to a term less than the minimum of the amended guideline range and rejecting the defendant's argument that Hasan was abrogated by the Supreme Court's holding that the sentencing guidelines are effectively advisory); Hasan, 245 F.3d at 685 ("The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction."). See also United States v. Harris, 556 F.3d 887, 888 (8th Cir. 2009) (per curium) (holding that a district court lacks authority to reduce a sentence to a term below the amended guideline range).

The defendant also requests that an evidentiary hearing be held so that "the appropriate reduced sentence" can be determined. (Filing 640 at 4. See also filing 661 at 2; 662 at 14.) I find, however, that no evidentiary hearing is necessary to determine the appropriate sentence. Indeed, step one of the Hasan analysis requires that I "leave all previous factual determinations intact at this point and simply determine 'what sentence [I] would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" Hasan, 245 F.3d at 685 (quoting Wyatt, 115 F.3d at 609). As explained above, I find that I would have imposed a sentence of 192 months if the amended guideline range were in effect at the time of the defendant's original sentencing.

I now proceed to "step two" of the Hasan analysis, which requires me to decide whether to give the defendant the benefit of a reduced sentence. In making this determination, I must consider the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and I may also consider "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." USSG § 1B1.10, commentary, application note 1(B). After due consideration, I find that the defendant's sentence should be reduced. The defendant will be sentenced to a term of 192 months.

**IT IS ORDERED** that the defendant's motions for a sentence reduction, filings 640 and 661, are denied to the extent that they request a sentence of less than 192 months and an evidentiary hearing. Otherwise, the motion is granted as shown in the Order Regarding Motion

for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (AO Form 247) filed herewith, and the defendant's prison sentence is reduced to a term of 192 months.

     Dated June 24, 2009.

                               BY THE COURT

                               s/ Warren K. Urbom
                               United States Senior District Judge